1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT FOR THE

7                  EASTERN DISTRICT OF CALIFORNIA

8

9  MARK McAFEE,                    )    No. CV-F-07-577 OWW/NEW
                                   )
10                                 )    MEMORANDUM DECISION GRANTING
                                   )    IN PART AND DENYING IN PART
11              Plaintiff,         )    DEFENDANTS' MOTION TO
                                   )    DISMISS (Doc. 7), STRIKING
12         vs.                     )    THIRD AMENDED COMPLAINT AS
                                   )    PREMATURE (Doc. 15) AND
13                                 )    DIRECTING PLAINTIFF TO AMEND
   STATE OF CALIFORNIA, et al.,    )    AND FILE THIRD AMENDED
14                                 )    COMPLAINT
                                   )
15              Defendant.         )
                                   )
16 _____)

17

18      Plaintiff Mark McAfee filed an Amended Complaint on April

19 13, 2007 (Doc. 4).  On May 29, 2007, Defendants filed a motion to

20 dismiss the Amended Complaint pursuant to Rule 12(b)(6), Federal

21 Rules of Civil Procedure, for failure to state a claim upon which

22 relief can be granted.  The motion to dismiss sets forth three

23 grounds:

24         1.  The Court lacks subject matter
           jurisdiction because the claims against the
25         State of California by and through the
           Department of Motor Vehicles and against
26         California Highway Patrol Captain Fief and

1

DMV Hearing Officer Verdugo are barred by the
Eleventh Amendment to the U.S. Constitution.

2.   The claims against DMV Hearing Officer
Verdugo are barred by the doctrine of
judicial immunity.

3.   Plaintiff has failed to allege facts to
support the Third, Fourth and Sixth Causes of
Action of the First Amended Complaint.

On June 8, 2007, Plaintiff, without first obtaining leave of

court or consent of Defendants as required by Rule 15(a), Federal

Rules of Civil Procedure, filed a Second Amended Complaint (Doc.

10).  Then, on June 17, 2007, Plaintiff filed a memorandum in

opposition to the motion to dismiss to which is attached a

proposed Third Amended Complaint.  Plaintiff's opposition to the

motion to dismiss in its entirety states:

Plaintiff generally does not oppose the
majority of Defendants' contentions and
proposes to amend the complaint to satisfy
their objections.

Specifically Plaintiff will dismiss DMV
Hearing Officer Verdugo and the Department of
Motor Vehicles from the entire complaint.
Plaintiff will also dismiss the conspiracy
claim and the claim based on the Tom Bane
Act.

Plaintiff will amend the complaint to allege
that Captain Fief was aware of previous
complaints against the arresting officers and
acted with deliberate indifference in finding
that no abuse of constitutional rights had
occurred.

The proposed Third Amended Complaint is an action for

damages pursuant to 42 U.S.C. § 1983.[1]   The proposed Third

---

[1]On July 4, 2007, Plaintiff filed the proposed Third Amended
Complaint as the Third Amended Complaint.  Plaintiff's action was

1  Amended Complaint names as defendants CHP Officers Makel and

2  Salcido and CHP Captain Fief, all sued in their official and

3  individual capacities.  Although the proposed Third Amended

4  Complaint does not set forth a claim for conspiracy, Paragraph 13

5  alleges that each of the Defendants was, *inter alia*, a co-

6  conspirator.  The proposed Third Amended Complaint sets forth the

7  following factual allegations:

8          16.  On March 25, 2006, Kaleigh McAfee, age
           18 and the daughter of Plaintiff Mark McAfee,
9          was stopped for suspicion of drunk driving.
           Ms. McAfee, who had been the designated
10         driver for her group, became distraught and
           began to cry uncontrollably.
11
           17.  Without admonishing Kaleigh of the
12         consequences of a refusal, the arresting
           officer, Defendant California Highway
13         Patrolman GREG MAKEL, concluded her emotional
           state to be a refusal.
14
           18.  He also neglected to aid her when a
15         portion of her blouse fell down exposing her
           breasts.
16
           19.  Plaintiff was concerned about the
17         treatment of his daughter and filed a
           complaint against Officer MAKEL alleging
18         malfeasance of duty.

19         20.  On April 21, 2007, Plaintiff attended
           his daughter Kaleigh's DMV hearing in Fresno.
20
           21.  During the cross-examination of the
21         arresting officer, Defendant GREG MAKEL,
           Plaintiff became frustrated over the
22         officer's refusal to answer certain questions
           posed by his daughter's attorney, Philip
23         Setrakian.

24         22.  Plaintiff made a non-threatening hand

25 _____

26 premature.  The Third Amended Complaint filed on July 4, 2007 is
   stricken on that ground.

3

1
2

gesture with his palms up, and then shrugged, expressing my [sic] frustration.

3

23.  Officer MAKEL'S reaction was to state to the hearing officer: 'Sir, he just pointed his finger at me.  Would you ask him to leave.'

4

5

24.  He subsequently said that Plaintiff had threatened him which Plaintiff immediately denied.

6

7

25.  The hearing officer, defendant G. VERUGO [sic] falsely stated that the gesture could be an implied threat and requested that Plaintiff leave.

8

9

26.  Plaintiff immediately complied.

10

27.  Defendant VERDUGO [sic] had a duty to continue the hearing in an orderly fashion. As Defendant MAKEL was still testifying under oath, VERDUGO [sic] had a duty to prevent him from following Plaintiff.  Verdugi [sic] breached that duty and permitted MAKEL to follow Plaintiff as Plaintiff was leaving the hearing room.

11

12

13

14

15

28.  Plaintiff had almost reached the lobby when suddenly and without warning Plaintiff was shoved from behind by Officer MAKEL with such force that he was propelled into the waiting area.

16

17

18

29.  Defendant CHP Officer SALCIDO was in the lobby and immediately, without warning or any verbal command, joined MAKEL in assaulting and battering Plaintiff.

19

20

21

30.  They handcuffed plaintiff [sic] in a deliberately brutal fashion, tightening them far beyond that necessary to restrain him causing excruciating paid [sic].  Plaintiff offered no resistance but the named officers slammed his head into the wall.  Then while he was helpless, they maced Plaintiff at point blank range into his eyes and nostrils to the extent that he could hardly breath.

22

23

24

25

31.  Plaintiff was dragged to a patrol car with the officers repeatedly jerking his

26

1          handcuffed arms and hands to position [sic]
           calculated to cause extreme pain and was
2          shoved inside it.  The air conditioning was
           off and the windows up.  Thus the heat and
3          lack of ventilation made the mace
           excruciating.  Plaintiff begged for medical
4          assistance and an ambulance was finally
           called.  The officers deliberately prevented
5          the paramedic from administering first aid to
           Plaintiff until a substantial amount of time
6          had passed.

7          32.  Plaintiff was finally given first aid by
           the paramedics and then taken to a hospital.
8          Subsequently plaintiff was taken to jail.

9          33.  Plaintiff was charged with interfering
           with an officer, making terrorists threats,
10         and assault with intent to produce great
           bodily harm.
11
           34.  These charges are false.  At no time did
12         Plaintiff threaten anyone.  At no time did
           Plaintiff interfere with any law enforcement
13         person.  At no time did Plaintiff assault
           anyone.
14
           35.  Plaintiff filed a complaint against
15         officers MAKEL and SALCIDO with Defendant
           CAPT. FIEF.
16
           36.  Captain Fief was aware of previous
17         complaints alleging unnecessary and excessive
           force against Officers MAKEL and SALCIDO.
18
           37.  FIEF acted with deliberate indifference
19         and conducted an investigation that was a
           sham, and took no action against officers
20         MAKEL AND SALCIDO [sic].

21         38.  Plaintiff filed a claim for damages with
           the state of California within the six month
22         period of time required by law.  That claim
           has been rejected.
23
      A.   GOVERNING STANDARDS.
24
      A motion to dismiss under Rule 12(b)(6) tests the
25
sufficiency of the complaint.  *Novarro v. Black*, 250 F.3d 729,
26

1   **732 (9ᵗʰ Cir.2001).  Dismissal of a claim under Rule 12(b)(6) is**

2   **appropriate only where "it appears beyond doubt that the**

3   **plaintiff can prove no set of facts in support of his claim which**

4   **would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-**

5   **46 (1957).  Dismissal is warranted under Rule 12(b)(6) where the**

6   **complaint lacks a cognizable legal theory or where the complaint**

7   **presents a cognizable legal theory yet fails to plead essential**

8   **facts under that theory.  *Robertson v. Dean Witter Reynolds,***

9   ***Inc.*, 749 F.2d 530, 534 (9ᵗʰ Cir.1984).  In reviewing a motion to**

10  **dismiss under Rule 12(b)(6), the court must assume the truth of**

11  **all factual allegations and must construe all inferences from**

12  **them in the light most favorable to the nonmoving party.**

13  ***Thompson v. Davis*, 295 F.3d 890, 895 (9ᵗʰ Cir.2002).  However,**

14  **legal conclusions need not be taken as true merely because they**

15  **are cast in the form of factual allegations.  *Ileto v. Glock,***

16  ***Inc.*, 349 F.3d 1191, 1200 (9ᵗʰ Cir.2003).**

17  **B.   MERITS OF MOTION TO DISMISS.**

18  **Defendants' motion to dismiss was directed to the**

19  **allegations and causes of action in the First Amended Complaint.**

20  **The motion to dismiss sought dismissal of claims against the**

21  **State of California, the California Highway Patrol and DMV**

22  **Hearing Officer Verdugo based on the Eleventh Amendment.**

23  **Although Plaintiff's opposition states that Plaintiff will**

24  **dismiss DMV Hearing Officer Verdugo and the Department of Motor**

25  **Vehicles from the entire complaint, the proposed Third Amended**

26  **Complaint still names as defendants the State of California, the**

1  California Highway Patrol and paragraphs 25 and 27 refer to

2  "defendant" Verdugo.

3      The motion to dismiss against the State of California, the

4  California Highway Patrol and DMV Hearing Officer Verdugo is

5  GRANTED WITHOUT LEAVE TO AMEND.

6      The motion to dismiss asserted that insufficient facts were

7  alleged to state a claim in the Third Cause of Action for "4th

8  Amendment: Policy and Custom", the Fourth Cause of Action

9  pursuant to 42 U.S.C. § 1985(3) and the Sixth Causes of Action

10 for violation of California Civil Code §§ 51, 51.5 and 51.7 and

11 the Unruh and Tom Bane civil rights acts.

12     In the proposed Third Amended Complaint, the causes of

13 action for violation of Section 1985(3) and the California civil

14 rights acts provisions have been deleted.  Although mooted by the

15 proposed Third Amended Complaint, the motion to dismiss these

16 causes of action is GRANTED.

17     In the proposed Third Amended Complaint, the Third Cause of

18 Action is captioned "4th Amendment: Policy and Custom".  The

19 proposed Third Cause of Action alleges:

20          44.  Defendant CAPTAIN FIEF and the HIGHWAY
            PATROL have, under color of law, violated
21          Plaintiff's rights, privileges and immunities
            secured by the United States Constitution in
22          violation of Section 1983 of Title 42 of the
            United States Code.

23
            45.  The above described customs, practices
24          and policies demonstrate a deliberate
            indifference on the part of the Defendants,
25          and each of them, to the constitutional
            rights of persons with the Eastern District
26          of California and were the cause of the

7

1
       **violations of Plaintiff's rights alleged**
       **herein.**

2

3
       **46.   During all relevant times, one or more**
       **of the Defendants, and particularly Defendant**
       **Captain FIEF [sic] established, maintained,**

4
       **encouraged, allowed and/or ratified a custom,**
       **practice or policy of providing inadequate**

5
       **training, supervision, instruction,**
       **oversight, and discipline to HIGHWAY PATROL**

6
       **officers, including those mentioned above,**
       **thereby failing to adequately discourage**

7
       **constitutional violations and tacitly**
       **agreeing to violate Plaintiff's**

8
       **constitutional rights.**

9
       **47.   The above described customs, practices**
       **and policies demonstrate a deliberate**

10
       **indifference on the part of Defendants, and**
       **each of them, and particularly Defendant**

11
       **Captain FIEF to the constitutional rights of**
       **persons within the Eastern District of**

12
       **California, and were the cause of the**
       **violations of Plaintiff's rights alleged**

13
       **herein.   Plaintiff was unlawfully seized,**
       **arrested/detained by Defendants without**

14
       **warrant or order or commitment or any other**
       **legal authority of any kind as Plaintiff had**

15
       **not committed any crime or public offense.**

16
       **48.   As a proximate result of the acts of**
       **Defendants, and each of them, as herein**

17
       **alleged, Plaintiff was compelled to expend**
       **money all to his damage in an amount**

18
       **according to proof.**

19
       **49.   As a proximate result of the acts of**
       **Defendants, and each of them, Plaintiff has**

20
       **suffered damage to his reputation and shame,**
       **humiliation and embarrassment in the**

21
       **community.**

22
   **Plaintiff's use of "custom or policy" terminology in this**

23
**cause of action is confusing and somewhat misleading.   The**

24
**"custom or policy" terminology derives from *Monell v. New York***

25
***Dept. of Social Servs.*, 436 U.S. 658 (1978).   *Monell* instructed**

26
       **that a local government may not be sued under**

8

1

2

3

4

5

          § 1983 for an injury inflicted solely by its
          employees or agents.  Instead, it is when
          execution of a government's policy or custom,
          whether made by its lawmakers or by those
          whose edicts or acts may fairly be said to
          represent official policy, inflicts the
          injury that the government as an entity is
          responsible under § 1983.

6

7

436 U.S. at 694.  *Monell* expressly limited its holding "to local

government units which are not considered part of the State for

8

Eleventh Amendment purposes."  *Id*. at 690 n.54.

9

10

    In the motion to dismiss, Defendants argued that the claim

against Defendant Fief does not state a claim because there are

11

no allegations of any personal involvement by Defendant Fief in

12

the deprivation of Plaintiff's constitutional rights.

13

    As explained in *Taylor v. List*, 880 F.2d 1040, 1045 (9th

Cir. 1989):

14

15

16

17

18

          Liability under section 1983 arises only upon
          a showing of personal participation by the
          defendant ... A supervisor is only liable for
          constitutional violations of his subordinates
          if the supervisor participated in or directed
          the violations, or knew of the violations and
          failed to act to prevent them.  There is no
          respondeat superior liability under section
          1983.

19

20

"It is well established that a governmental officer may be held

liable for damages for his failure to adequately supervise or

21

22

train his subordinates."  *Ting v. United States*, 927 F.2d 1504,

1512 (9th Cir. 1991).

23

24

    Given the standards governing resolution of a motion to

dismiss for failure to state a claim, Defendants' motion to

25

dismiss on this ground is GRANTED WITH LEAVE TO AMEND.

26

1    The basis of the claim against Defendant Fief is

2 sufficiently alleged so that it does not appear beyond doubt that

3 the plaintiff cannot prove facts in support of his claim which

4 would entitle him to relief against Defendant Fief.

5    Defendants also move to dismiss this cause of action on the

6 ground that "[a]lthough plaintiff purports to sue Captain Fief in

7 his individual capacity, the only allegations regarding Captain

8 Fief concern the establishment of policy and custom which could

9 only be done in an official capacity."   Defendants contend that

10 Plaintiff has not alleged any facts which would support a finding

11 that Captain Fief acted in anything other than his official

12 capacity and that "[t]he nature of his alleged activity

13 (establishment of policy and custom) could only be construed as

14 conduct in an official capacity as a Captain of the California

15 Highway Patrol."

16    As explained in *Kentucky v. Graham*, 473 U.S. 159, 165-166

17 (1985):

18       Personal-capacity suits seek to impose
         personal liability upon a government official
19       for actions he takes under color of state law
         ... Official-capacity suits, in contrast,
20       'generally represent only another way of
         pleading an action against an entity of which
21       an officer is an agent.' ... As long as the
         government entity receives notice and an
22       opportunity to respond, an official-capacity
         suit is, in all respects other than name, to
23       be treated as a suit against the entity ...
         It is not a suit against the official
24       personally, for the real party in interest is
         the entity.   Thus, while an award of damages
25       against an official in his personal capacity
         can be executed only against the official's
26       personal assets, a plaintiff seeking to

10

1          recover on a damages judgment in an official-
           capacity suit must look to the government
2          entity itself.

3          On the merits, to establish <u>personal</u>
           liability in a § 1983 action, it is enough to
4          show that the official, acting under color of
           state law, caused the deprivation of a
5          federal right ... More is required in an
           official-capacity action, however, for a
6          governmental entity is liable under § 1983
           only when the entity itself is a '"moving
7          force"' behind the deprivation ...; thus, in
           an official-capacity suit the entity's
8          'policy or custom' must have played a part in
           the violation of federal law.
9
          The Amended Complaint and the proposed Third Amended
10
Complaint sue the individual defendants in both capacities.
11
Because of Eleventh Amendment immunity of the State of
12
California, Plaintiff cannot proceed against the individual
13
defendants in their official capacities.  *Pena v. Gardner*, 976
14
F.2d 469, 472-473 (9ᵗʰ Cir.1992)("[T]he eleventh amendment will
15
bar Pena from bringing his claims in federal court against the
16
state officials in their *official* capacities").  However, to the
17
extent that Captain Fief is sued in his individual capacity for
18
acts taken under color of state law, the motion to dismiss is
19
without merit.  In *Hafer v. Melo*, 502 U.S. 21, 25 (1991), the
20
Supreme Court explained:
21
           Personal-capacity suits ... seek to impose
22         personal liability upon a government officer
           for actions taken under color of state law.
23         Thus, '[o]n the merits, to establish *personal*
           liability in a § 1983 action, it is enough to
24         show that the official, acting under color of
           state law, caused the deprivation of a
25         federal right.' ... While the plaintiff in a
           personal-capacity suit need not establish a
26         connection to governmental 'policy or

11

1

2

              custom,' officials sued in their personal
              capacities, unlike those sued in their
              official capacities, may assert personal
              immunity defenses ....

3

4

Defendants' contention that the alleged acts of Defendant Fief

5

could only have occurred in his official capacity misunderstands

6

the distinction between official capacity and individual capacity

7

suits and negates the requirement for an individual capacity suit

8

that the defendant be acting under color of state law.

9

     Defendants' motion to dismiss the cause of action against

10

Defendant Fief is DENIED.

11

     However, because the proposed Third Amended Complaint

12

includes defendants and allegations that are improper because of

13

the Eleventh Amendment, Plaintiff is ordered to delete the State

14

of California, the California Highway Patrol, and CHP Hearing

15

Officer Verdugo as defendants and to delete all references to

16

defendants in their official capacities before filing the Third

17

Amended Complaint.[2]

18

CONCLUSION

19

    For the reasons stated above:

20

    1.  Defendants' motion to dismiss is GRANTED IN PART AND

21

DENIED IN PART.

22

    2.  The Third Amended Complaint filed on July 4, 2007 is

23

stricken.

24

    3.  Plaintiff is ordered to amend the proposed Third Amended

25

26

    [2]Plaintiff's counsel is also directed to familiarize himself
and comply with the Federal Rules of Civil Procedure and the Local
Rules of Practice.

12

1  Complaint as stated above and file the Third Amended Complaint

2  within twenty (20) days of the filing date of this Order.[3]

3          4.   Defendants' counsel shall prepare and lodge a form of

4  order that reflects the specific rulings on each issue addressed

5  by this decision within five (5) days following the date of

6  service of this decision.

7          IT IS SO ORDERED.

8  **Dated:    July 5, 2007**                                    **/s/ Oliver W. Wanger**
                                                         UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

_____

26  [3]**Defendants shall have the opportunity, if appropriate, to challenge the averments in the Third Amended Complaint when filed.**