1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  **MARK MCAFEE,**                         1:07-CV-00577-OWW-NEW

12                          Plaintiff,       **ORDER GRANTING IN PART AND**
                                             **DENYING IN PART DEFENDANTS'**
13          **v.**                           **MOTION TO DISMISS (Doc. 7),**
                                             **STRIKING THIRD AMENDED**
14  **STATE OF CALIFORNIA, CALIFORNIA**      **COMPLAINT AS PREMATURE**
    **HIGHWAY PATROL, CHP OFFICER**          **(Doc. 15) AND DIRECTING**
15  **GREG MAKEL, CHP OFFICER SALCIDO,**     **PLAINTIFF TO AMEND AND FILE**
    **CHP CAPT. G.L. FIEF, CALIFORNIA**      **THIRD AMENDED COMPLAINT**
16  **DEPARTMENT OF MOTOR VEHICLES,**
    **HEARING OFFICER G. VERDUGO, and**
17  **DOES 1 through 10, inclusive,**

18                          Defendants.

19

20          Plaintiff Mark McAfee filed an Amended Complaint on April 13, 2007 (Doc. 4).  On

21  May 29, 2007, Defendants filed a motion to dismiss the Amended Complaint pursuant to Rule

22  12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be

23  granted. The motion to dismiss sets forth three grounds:

24          1. The Court lacks subject matter jurisdiction because the claims against the
            State of California by and through the Department of Motor Vehicles and
25          against California Highway Patrol Captain Fief and DMV Hearing Officer
            Verdugo are barred by the Eleventh Amendment to the U.S. Constitution.

26          2. The claims against DMV Hearing Officer Verdugo are barred by the
27          doctrine of judicial immunity.

28  ///

Order granting in part and denying in part defendants' motion to dismiss
and striking third amended complaint as premature.

1

1    3.Plaintiff has failed to allege facts to support the Third, Fourth and Sixth
     Causes of Action of the First Amended Complaint.

2

3    On June 8, 2007, Plaintiff, without first obtaining leave of court or consent of Defendants as

4    required by Rule 15(a), Federal Rules of Civil Procedure, filed a Second Amended Complaint

5    (Doc. 10).  Then, on June 17, 2007, Plaintiff filed a memorandum in opposition to the motion to

6    dismiss to which is attached a proposed Third Amended Complaint.  Plaintiff's opposition to the

7    motion to dismiss in its entirety states:

8         Plaintiff does not oppose the motion filed by defendants and proposes to amend the complaint to satisfy

9         Specifically Plaintiff will dismiss DMV Hearing Officer Verdugo and the
          Department of Motor Vehicles from the entire complaint. Plaintiff will also dismiss the
10        conspiracy claim and the claim based on the Tom Bane Act.

11        Plaintiff will amend the complaint to allege that Captain Fief was aware of
          previous complaints against the arresting officers and acted with deliberate indifference in
12        finding that no abuse of constitutional rights had occurred.

13

14   The proposed Third Amended Complaint is an action for  damages pursuant to 42 U.S.C. §

15   1983.[1/]  The proposed Third Amended Complaint names as defendants CHP Officers Makel and

16   Salcido and CHP Captain Fief, all sued in their official and individual capacities.  Although the

17   proposed Third Amended Complaint does not set forth a claim for conspiracy, Paragraph 13

18   alleges that each of the Defendants was, *inter alia*, a co-conspirator.

     A. GOVERNING STANDARDS.

19   A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  *Novarro v.*

20   *Black*, 250 F.3d 729, 732 (9th  Cir.2001).  Dismissal of a claim under Rule 12(b)(6) is appropriate

21   only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his

22   claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

23   Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory

24   or where the complaint presents a cognizable legal theory yet fails to plead essential facts under

25

26   _____

27   1.  On July 4, 2007, Plaintiff filed the proposed Third Amended Complaint as the Third
     Amended Complaint. Plaintiff's action was premature. The Third Amended Complaint filed on July
28   4, 2007 is stricken on that ground.

     Order granting in part and denying in part defendants' motion to dismiss
     and striking third amended complaint as premature.

                                    2

1  that theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).  In

2  reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual

3  allegations and must construe all inferences from them in the light most favorable to the

4  nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002).  However, legal

5  conclusions need not be taken as true merely because they are cast in the form of factual

6  allegations.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003).

7       B. MERITS OF MOTION TO DISMISS.

8       Defendants' motion to dismiss was directed to the allegations and causes of action in the

9  First Amended Complaint.

10      The motion to dismiss sought dismissal of claims against the State of California, the

11  California Highway Patrol and DMV Hearing Officer Verdugo based on the Eleventh

12  Amendment.  Although Plaintiff's opposition states that Plaintiff will dismiss DMV Hearing

13  Officer Verdugo and the Department of Motor Vehicles from the entire complaint, the proposed

14  Third Amended Complaint still names as defendants the State of California, the California

15  Highway Patrol and paragraphs 25 and 27 refer to "defendant" Verdugo.

16      The motion to dismiss against the State of California, the California Highway Patrol and

17  DMV Hearing Officer Verdugo IS GRANTED WITHOUT LEAVE TO AMEND.

18      The motion to dismiss asserted that insufficient facts were alleged to state a claim in the

19  Third Cause of Action for "4th Amendment: Policy and Custom", the Fourth Cause of Action

20  pursuant to 42 U.S.C. § 1985(3) and the Sixth Causes of Action for violation of California Civil

21  Code §§ 51, 51.5 and 51.7 and the Unruh and Tom Bane civil rights acts.

22      In the proposed Third Amended Complaint, the causes of action for violation of Section

23  1985(3) and the California civil rights acts provisions have been deleted.  Although mooted by

24  the proposed Third Amended Complaint, the motion to dismiss these causes of action is

25  GRANTED.

26      In the proposed Third Amended Complaint, the Third Cause of Action is captioned "4th

27  Amendment: Policy and Custom".  The proposed Third Cause of Action alleges:

28  *///*

Order granting in part and denying in part defendants' motion to dismiss
and striking third amended complaint as premature.

44. Defendant CAPTAIN FIEF and the HIGHWAY PATROL have, under color of law, violated Plaintiff's rights, privileges and immunities secured by the United States Constitution in violation of Section 1983 of Title 42 of the United States Code.

45. The above described customs, practices and policies demonstrate a deliberate indifference on the part of the Defendants, and each of them, to the constitutional rights of persons with the Eastern District of California and were the cause of the violations of Plaintiff's rights alleged herein

46. During all relevant times, one or more of the Defendants, and particularly Defendant Captain FIEF [sic] established, maintained, encouraged, allowed and/or ratified a custom, practice or policy of providing inadequate training, supervision, instruction, oversight, and discipline to HIGHWAY PATROL officers, including those mentioned above, thereby failing to adequately discourage constitutional violations and tacitly agreeing to violate Plaintiff's constitutional rights.

47. The above described customs, practices and policies demonstrate a deliberate indifference on the part of Defendants, and each of them, and particularly Defendant Captain FIEF to the constitutional rights of persons within the Eastern District of California, and were the cause of the violations of Plaintiff's rights alleged herein.  Plaintiff was unlawfully seized, arrested/detained by Defendants without warrant or order or commitment or any other legal authority of any kind as Plaintiff had not committed any crime or public offense.

48. As a proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiff was compelled to expend money all to his damage in an amount according to proof.

49. As a proximate result of the acts of Defendants, and each of them, Plaintiff has suffered damage to his reputation and shame, humiliation and embarrassment in the community.

Plaintiff's use of "custom or policy" terminology in this cause of action is confusing and somewhat misleading. The "custom or policy" terminology derives from *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658 (1978).  *Monell* instructed

that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

436 U.S. at 694.  *Monell* expressly limited its holding "to local government units which are not considered part of the State for Eleventh Amendment purposes."  Id. at 690 n.54.

In the motion to dismiss, Defendants argued that the claim against Defendant Fief does not state a claim because there are no allegations of any personal involvement by Defendant Fief in

Order granting in part and denying in part defendants' motion to dismiss
and striking third amended complaint as premature.

4

1    the deprivation of Plaintiff's constitutional rights.

2         As explained in *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989):

3              Liability under section 1983 arises only upon a showing of personal
               participation by the defendant ... A supervisor is only liable for constitutional
4              violations of his subordinates if the supervisor participated in or directed  the
               violations, or knew of the violations and failed to act to prevent them. There
5              is no respondeat superior liability under section 1983.

6    "It is well established that a governmental officer may be held liable for damages for his failure

7    to adequately supervise or train his subordinates."  *Ting v. United States*, 927 F.2d 1504, 1512

8    (9th Cir. 1991).

9         Given the standards governing resolution of a motion to dismiss for failure to state a claim,

10   Defendants' motion to dismiss on this ground is GRANTED WITH LEAVE TO AMEND.

11        The basis of the claim against Defendant Fief is sufficiently alleged so that it does not

12   appear beyond doubt that the plaintiff cannot prove facts in support of his claim which

13   would entitle him to relief against Defendant Fief.

14        Defendants also move to dismiss this cause of action on the ground that "[a]lthough plaintiff

15   purports to sue Captain Fief in his individual capacity, the only allegations regarding Captain Fief

16   concern the establishment of policy and custom which could only be done in an official

17   capacity."  Defendants contend that Plaintiff has not alleged any facts which would support a

18   finding that Captain Fief acted in anything other than his official capacity and that "[t]he nature

19   of his alleged activity (establishment of policy and custom) could only be construed as conduct in

20   an official capacity as a Captain of the California Highway Patrol."

21        As explained in *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985):

22             Personal-capacity suits seek to impose personal liability upon a government
               official for actions he takes under color of state law ... Official-capacity suits,
23             in contrast, 'generally represent only another way of pleading an action
               against an entity of which an officer is an agent.' ... As long as the
24             government entity receives notice and an opportunity to respond, an
               official-capacity suit is, in all respects other than name, to be treated as a suit
25             against the entity ... It is not a suit against the official personally, for the real
               party in interest is the entity. Thus, while an award of damages against an
26             official in his personal capacity can be executed only against the official's
               personal assets, a plaintiff seeking to  recover on a damages judgment in an
27             official-capacity suit must look to the government entity itself.

28   ///

Order granting in part and denying in part defendants' motion to dismiss
and striking third amended complaint as premature.

1
2
3
4

> On the merits, to establish _personal_ liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right ... More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a '"moving force"' behind the deprivation ...; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law.

5    The Amended Complaint and the proposed Third Amended Complaint sue the individual

6 defendants in both capacities.  Because of Eleventh Amendment immunity of the State of

7 California, Plaintiff cannot proceed against the individual defendants in their official capacities.

8 _Pena v. Gardner_, 976 F.2d 469, 472-473 (9th Cir.1992) ("[T]he eleventh amendment will bar

9 Pena from bringing his claims in federal court against the state officials in their official

10 capacities").  However, to the extent that Captain Fief is sued in his individual capacity for

11 acts taken under color of state law, the motion to dismiss is without merit.  In _Hafer v. Melo_, 502

12 U.S. 21, 25 (1991), the Supreme Court explained:

13
14
15
16
17

> Personal-capacity suits ... seek to impose personal liability upon a government officer for actions taken under color of state law. Thus, '[o]n the merits, to establish _personal_ liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.' ... While the plaintiff in a personal-capacity suit need not establish a connection to governmental 'policy or custom,' officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses ....

18    Defendants' contention that the alleged acts of Defendant Fief could only have occurred in

19 his official capacity misunderstands the distinction between official capacity and individual

20 capacity suits and negates the requirement for an individual capacity suit that the defendant be

21 acting under color of state law.

22    Defendants' motion to dismiss the cause of action against Defendant Fief is DENIED.

23    However, because the proposed Third Amended Complaint includes defendants and

24 allegations that are improper because of the Eleventh Amendment, Plaintiff is ordered to delete

25 the State of California, the California Highway Patrol, and CHP Hearing Officer Verdugo as

26 ///

27 ///

28 ///

Order granting in part and denying in part defendants' motion to dismiss
and striking third amended complaint as premature.

6

1   defendants and to delete all references to defendants in their official capacities before filing the

2   Third Amended Complaint.[2/]

3                                              CONCLUSION

4   For the reasons stated above:

5         1. Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART.

6         2. The Third Amended Complaint filed on July 4, 2007 is stricken.

7         3. Plaintiff is ordered to amend the proposed Third Amended Complaint as stated above and

8   file the Third Amended Complaint within twenty (20) days of the filing date of this Order.[3/]

9   IT IS SO ORDERED.

10  **Dated:    July 11, 2007**                              /s/ Oliver W. Wanger

11                                            UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25  _____

26        2.  Plaintiff's counsel is also directed to familiarize himself and comply with the Federal
    Rules of Civil Procedure and the Local Rules of Practice.

27
          3.  Defendants shall have the opportunity, if appropriate, to challenge the averments in the
28  Third Amended Complaint when filed.

    Order granting in part and denying in part defendants' motion to dismiss
    and striking third amended complaint as premature.

                                                  7