**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK MCAFFEE,<br><br>        Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, CHP OFFICER GREG MAKEL, CHP OFFICER SALCIDO, CHP CAPT. G.L. FIEF, CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, HEARING OFFICER G. VERDUGO, and DOES 1 through 10, inclusive,<br><br>        Defendants. | 1:07-cv-0577 OWW NEW<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 3/31/08<br><br>Non-Dispositive Motion Filing Deadline: 4/15/08<br><br>Dispositive Motion Filing Deadline: 4/30/08<br><br>Settlement Conference Date: 3/18/08 10:00 Ctrm. 8<br><br>Pre-Trial Conference Date: 7/7/08 11:00 Ctrm. 3<br><br>Trial Date: 8/19/08 9:00 Ctrm. 3 (JT-6 days) |

**I.   Date of Scheduling Conference.**

    August 16, 2007.

**II.   Appearances Of Counsel.**

    Bruce W. Nickerson, Esq., appeared on behalf of Plaintiff.

    Jeffrey R. Vincent, Esq., Deputy Attorney General, appeared on behalf of Defendants.

**III.   Summary of Pleadings.**

    1.   Plaintiff's case is brought under 42 U.S.C. § 1983

1

based on violation of rights secured by the Fourth Amendment of the United States Constitution.  He alleges that he was wrongfully arrested on April 21, 2006, and that as a result of excessive force during the arrest by California Highway Patrol Officers Makel and Salcido he suffered injury.  Plaintiff also alleges causes of action under state law for false arrest, negligence and intentional infliction of emotional distress.  In regards to Captain Fief of the California Highway Patrol, Plaintiff alleges that policies implemented by the Captain resulted in the deprivation of Plaintiff's rights.

 2. Defendants contend that there was probable cause to arrest Plaintiff.  Plaintiff was detained and arrested following an assault by Plaintiff on Officer Makel.  Plaintiff resisted detention and arrest so that it became necessary to use force. Officers Makel and Salcido's use of force was appropriate under the circumstances and consistent with policies of the California Highway Patrol. Defendants deny that Plaintiff was injured during the arrest.  Even if Defendants used more force in the arrest of Plaintiff than was reasonable, it was reasonable for them to believe that such force was appropriate so that liability is precluded by the doctrine of qualified immunity.

IV. Orders Re Amendments To Pleadings.

 1. Plaintiff has been ordered to file his third amended complaint in conformance with the Court's order of July 27, 2007, by August 16, 2007.  Plaintiff does not anticipate any further amendment to the pleadings.  Defendants have not yet answered the complaint but anticipate filing an answer in response to a complaint that conforms to the Court's July 27, 2007, order.

V.  Factual Summary.

   A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

      1.  Plaintiff is a citizen of the United States and a resident of the Eastern District of California.

      2.  Plaintiff was arrested on April 21, 2006, by California Highway Patrol Officers Greg Makel and David Salcido.

      3.  Each Officer was acting in the course and scope of employment at all times alleged in the Complaint.

      4.  Each Officer was acting under color of law in discharging duties as a peace officer at all times alleged in the complaint.

      5.  The April 21, 2006, arrest was made at the Department of Motor Vehicle Office in Fresno, California.

      6.  Pepper spray was used during the arrest.

      7.  At the time of the arrest, Plaintiff was handcuffed and taken into custody and remanded to the Fresno County Jail.

   B.  Contested Facts.

      1.  Defendants contend that Plaintiff assaulted Officer Makel in the hallway of the DMV Office in Fresno.

      2.  Plaintiff denies that he assaulted Officer Makel and contends that he was tackled by Officers Makel and Salcido.

      3.  Plaintiff contends Officer Makel used unnecessary force to arrest him.  Plaintiff denies that he offered any resistance at any time during the incident.

      4.  Defendant Officers contend that Plaintiff resisted arrest and that reasonable force was necessary to subdue, arrest,

1  and take Plaintiff into custody.
2  VI.  Legal Issues.
3      A.   Uncontested.
4           1.   Jurisdiction exists under 28 U.S.C. §§ 1331 and
5  1343 and 42 U.S.C. § 1983 et seq.
6           2.   Venue is proper under 28 U.S.C. § 1391.
7           3.   Supplemental jurisdiction exists over state claims
8  under 28 U.S.C. § 1367.
9           4.   The parties agree that, to the extent jurisdiction
10 over supplemental claims exists, the substantive law of the State
11 of California provides the rule of decision.
12     B.   Contested.
13          1.   Whether and to what extent any force was necessary
14 to effectuate an arrest of Plaintiff.
15          2.   Whether any force used on Plaintiff by any
16 Defendant was excessive.
17          3.   Whether any use of force caused illegal
18 deprivation of the Constitutional rights of Plaintiff.
19          4.   Whether any Constitutional deprivation of any
20 rights of Plaintiff was the legal cause of harm to Plaintiff.
21          5.   Whether Defendants were justified in arresting
22 Plaintiff.
23          6.   Whether the force used against Plaintiff to arrest
24 and take him into custody was reasonable.
25          7.   Whether qualified immunity exists under the
26 totality of the circumstances.
27          8.   Whether or not any immunities provided by the
28 substantive law of the State of California bar Plaintiff's

4

claims.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.    Discovery Plan and Cut-Off Date.

    1.    The parties' initial disclosures shall be made on or before September 17, 2007.

    2.    The parties are ordered to complete all discovery on or before March 31, 2008.

    3.    The parties are directed to disclose all expert witnesses, in writing, on or before January 18, 2008.  Any rebuttal or supplemental expert disclosures will be made on or before February 18, 2008.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are

5

not disclosed pursuant to this order.

    4.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before April 15, 2008, and heard on May 16, 2008, at 9:00 a.m. before Magistrate Judge Gary Austin in Courtroom 8.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than April 30, 2008, and will be heard on June 2, 2008, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   July 7, 2008, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281

and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

XII. Trial Date.

    1.   August 19, 2008, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   6 days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII.    Settlement Conference.

    1.   A Settlement Conference is scheduled for March 18, 2008, at 10:00 a.m. in Courtroom 8 before the Honorable Gary Austin, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the

conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

      f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   The parties agree that the issue of the amount, if any, of punitive damages shall be tried in a second phase before the same jury after any determination of liability, compensatory damages, and entitlement to punitive damages, if any.

XV.   Related Matters Pending.

    1.   There are no related matters.

XVI. Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII.   Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   August 17, 2007**             /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE