# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MCAFEE,<br><br>    Plaintiff,<br><br> v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | 1:07-cv-00577 OWW GSA<br><br>ORDER REGARDING MOTION TO AMEND COMPLAINT<br>(Document 29) |

## INTRODUCTION

Plaintiff Mark McAfee filed the instant motion to amend his complaint on March 20, 2008.  The matter was heard on April 25, 2008, before the Honorable Gary S. Austin, United States Magistrate Judge.  Bruce W. Nickerson appeared on behalf of Plaintiff Mark McAfee. Jeffrey Vincent appeared on behalf of Defendants California Highway Patrol Officers Gene Makel and David Salcido.

## BACKGROUND

On April 13, 2007, Plaintiff filed a complaint against the State of California, the California Highway Patrol ("CHP"), CHP Officers Makel and Salcido, CHP Captain G.L. Fief, the California Department of Motor Vehicles ("DMV") and DMV Hearing Officer G. Verdugo. pursuant to 42 U.S.C. § 1983 for violation of rights secured by the Fourth Amendment of the

1   United States Constitution.  Plaintiff also alleged state causes of action.  Prior to serving his initial

2   complaint, Plaintiff filed an amended complaint.

3        On May 29, 2007, defendants filed a motion to dismiss the amended complaint pursuant to

4   Federal Rule of Civil Procedure 12(b)(6).  Before the hearing scheduled on defendants' motion to

5   dismiss, Plaintiff filed a second amended complaint on June 8, 2007.  Subsequently, Plaintiff filed

6   a third amended complaint on July 4, 2007.

7        On July 5, 2007, the court dismissed Plaintiff's first amended complaint and directed that

8   Plaintiff's proposed Third Amended Complaint be filed.  On July 5, 2007, the court issued a

9   memorandum decision granting in part and denying in part defendants' motion to dismiss.

10  On July 27, 2007, the court issued its order regarding defendants' motion to dismiss.  The order

11  indicated as follows:

12        (1)  the motion to dismiss against the State of California, the California Highway Patrol
          and DMV Hearing Officer Verdugo was granted without leave to amend;
13
          (2) the motion to dismiss Plaintiff's causes of action for "4th Amendment: Policy and
14        Custom," the Fourth Cause of Action pursuant to 42 U.S.C. § 1985(3) and the Sixth
          Causes of Action for violation of California Civil Code §§ 51, 51.5 and 51.6 and the
15        Unruh and Tom Bane civil rights acts was granted;

16        (3) Defendants' motion to dismiss the cause of action against Defendant Fief was denied;

17        (4) Plaintiff was directed to delete the State of California, the CHP, and CHP Hearing
          Officer Verdugo as defendants and to delete all references to defendants in their official
18        capacities;

19        (5) Plaintiff's Third Amended Complaint filed on July 4, 2007 was stricken;
          and
20
          (6) Plaintiff was ordered to amend his proposed Third Amended Complaint and file it
21        within 20 days.

22        On August 11, 2007, Plaintiff filed his Third Amended Complaint.  In the complaint,

23  Plaintiff alleges that he was wrongfully arrested on April 21, 2006, at a DMV Administrative

24  Hearing regarding the suspension of his adult daughter's driver's license.  Plaintiff further

25  contends that he suffered injury as a result of excessive force during the arrest by CHP Officers

26  Makel and Salcido (hereinafter "Defendants").  Plaintiff asserts causes of action pursuant to

27  section 1983 for unreasonable seizure and excessive force.  Plaintiff also asserts state causes of

28  action for false arrest, intentional infliction of emotional distress and negligence.

1    On August 20, 2007, defendants Officer David Salcido, Captain Gary Fief and Officer

2 Greg Makel filed an answer to Plaintiff's Third Amended Complaint.

3    On August 22, 2007, the court issued a scheduling conference order.  In the order, the

4 court designated March 31, 2008, as the discovery cut-off date.  The court also indicated that

5 Plaintiff had been ordered to file his third amended complaint by August 16, 2007, the date of the

6 scheduling conference.  Plaintiff did "not anticipate any further amendment to the pleadings."

7 (Doc. 23, at p. 2).

8    On March 31, 2008, the parties attended a settlement conference.  The matter did not

9 settle, but the parties agreed to dismiss defendant Captain G.L. Fief from the action.  On April 4,

10 2008, the court dismissed defendant G.L. Fief from the action.

11                                                    ANALYSIS

12    On March 20, 2008, Plaintiff filed the instant motion to amend the complaint.  Plaintiff

13 seeks to amend his complaint to allege a cause of action for malicious prosecution.  Defendants

14 Makel and Salcido filed an opposition to the motion.

15    A.    Applicable Standard

16    Plaintiff cites the liberal amendment policy of Fed. R. Civ. Proc. 15 ("Rule 15") in support

17 of the motion for leave to amend his complaint for a fourth time.  Defendants do not dispute the

18 policy favoring amendments under Rule 15, but counter that Rule 15 does not apply after the court

19 has issued a scheduling order pursuant to Fed. R. Civ. Proc. 16 ("Rule 16").  Generally, Rule 16

20 standards control once the district court has filed a pretrial scheduling order that establishes a

21 timetable for amending pleadings. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604 (9th Cir.

22 1992).  Accordingly, when a scheduling order sets a deadline for amending pleadings and the

23 deadline has passed, the liberal policy regarding the amendment of pleadings pursuant to Rule 15

24 does not apply.

25    In this case, the court entered a scheduling order on August 22, 2007, which stated,

26 "Plaintiff has been ordered to file his third amended complaint in conformance with the Court's

27 order of July 27, 2007, by August 16, 2007.  Plaintiff does not anticipate any further amendment

28 to the pleadings."  (Doc. 23).  The court-ordered deadline for Plaintiff to file an amended pleading

1 passed before Plaintiff filed the instant motion to amend.  As such, the liberal policy of Rule 15

2 does not apply and the applicable standard of Rule 16 controls.

3      B.    <u>Fed. R. Civ. Proc. 16</u>

4      Rule 16(b) provides that a district court's scheduling order may be modified upon a

5 showing of "good cause."  The inquiry focuses on the "reasonable diligence of the moving party."

6 *Noyes v. Kelly Services*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007).  "The pretrial schedule may be

7 modified if it cannot reasonably be met despite the diligence of the party seeking the extension."

8 *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and

9 internal quotation marks omitted).  "If the party seeking the modification was not diligent, the

10 inquiry should end and the motion to modify should not be granted."  *Id.*

11      Here, Plaintiff waited until 11 days before discovery closed in this matter before filing his

12 motion to amend the complaint.  The scheduling order was issued eight months prior to the

13 motion (in August 2007) and the case has been pending since April 2007.  Defendants contend

14 that Plaintiff's attempt to amend his complaint two years after the facts giving rise to the proposed

15 amendment and eight months after the scheduling order demonstrates "a gross lack of diligence."

16 Opposition to Motion to Amend Complaint, at p. 3.  Plaintiff has not contested Defendants'

17 assertion that he was aware of all the facts to support his malicious prosecution claim at the time

18 of filing his original complaint.  Plaintiff has not addressed the "good cause" standard and has

19 offered no justification for the delay in seeking to amend his complaint.  Absent a showing of

20 good cause, Plaintiff's motion to amend his complaint is denied.

21      C.    <u>Fed. R. Civ. Prov. 15</u>

22      Even applying the liberal policy of Rule 15, the court finds that Plaintiff's motion to

23 amend the complaint should be denied.  Under Rule 15(a), a plaintiff may amend his complaint

24 once "as a matter of course," and without leave of court, before a response has been filed.

25 Fed.R.Civ.P. 15(a)(1);  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  However, a party

26 can only amend the pleading with the opposing party's written consent or the court's leave once a

27 responsive pleading has been filed.  Fed.R.Civ.P. 15(a)(2).  Here, Defendants filed a responsive

28 pleading to Plaintiff's Third Amended Complaint.  (Doc. 22).  Defendants declined to stipulate to

the proposed amendment presently before the court.  (Declaration of Plaintiff's counsel, Bruce W. Nickerson, in Motion to Amend Complaint, at p. 3, ¶ 8.)  As such, Plaintiff needs leave of court to amend his complaint under Rule 15.

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires."  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Despite the policy favoring amendment under Rule 15, where the court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is "particularly broad."  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).  When considering a motion for leave to amend, the Ninth Circuit has summarized the factors for the court to consider as follows: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment.  *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

1. Undue Delay

Plaintiff contends that although the proposed amendment is "somewhat late," there is no bad faith, no futility and no prejudice to Defendants.  Plaintiff's Motion to Amend Complaint, at p. 3.  Relevant to evaluating the delay issue is "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990); *see also Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court did not abuse its discretion in denying a motion to amend based on undue delay where facts were available to a plaintiff before previous amendments to the complaint).

Here, Defendants argue that Plaintiff has had access to all facts for two years, since the filing of his initial complaint, and the delay in asserting the malicious prosecution cause of action is inexplicable.  Plaintiff generally asserts there is "no delay."  Reply to Opposition to Motion to Amend Complaint, p. 2.  As discussed, Plaintiff has not denied that the facts underlying the claim

of malicious prosecution were available to him before the filing of his initial complaint or the filing of any subsequent amendments. Plaintiff also does not otherwise justify his delay in moving to file an amended complaint. Accordingly, the court finds there is undue delay where the facts were available to Plaintiff at the time of filing his initial complaint and at the time of any subsequent amendments.

Undue delay alone, however, is insufficient to justify denying a motion to amend under Rule 15. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (court must provide a contemporaneous specific finding of bad faith by the moving party, prejudice to the opposing party, futility of amendment). Accordingly, the court now turns to the remaining factors to be considered under Rule 15.

2.   Bad Faith

Neither party has asserted that Plaintiff's motion to amend is undertaken in bad faith or for dilatory motive.

3.   Prejudice

Plaintiff contends that there is no prejudice to Defendants since the issue of malicious prosecution has been examined extensively in discovery. Plaintiff's Motion to Amend Complaint, at p. 3. Plaintiff supports his contention by asserting that the only additional element in the proposed amended claim is malice; that is, whether the officers had an improper motive in filing the charges in retaliation for Plaintiff's filing of a complaint. Plaintiff argues that this issue has "already been explored in discovery." *Id*.

Defendants counter Plaintiff's assertion that the only additional element in the proposed amended claim is malice. Defendants argue that a claim for malicious prosecution under section 1983 incorporates the elements of the state common law tort of malicious prosecution, which are: (1) that a prior action was commenced by or at the direction of the defendant; (2) was pursued to a legal termination in plaintiff's favor; (3) was brought without probable cause; and (4) was initiated with malice. *Pattiz v. Minye*, 61 Cal.App.4th 822, 826, 71 Cal.Rptr.2d 802, 804 (1998). Plaintiff does not dispute that these are the elements of a claim for malicious prosecution.

1   Defendants also argue that they would be required to reopen discovery of whether an

2  action was commenced and who was responsible for commencing the action.  Defendants further

3  contend that because discovery is closed they would be prevented from questioning Plaintiff

4  regarding evidence to support the new cause of action. Where a motion to amend is brought

5  shortly before the close of discovery and allowing the motion would require the re-opening of

6  discovery, the motion may properly be denied for prejudice to defendant and for delaying

7  proceedings.  *See, e.g., Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.

8  2002) (affirming district court's denial of motion to amend pleadings filed five days before close

9  of discovery where additional causes of action would have required additional discovery,

10  prejudicing defendant and delaying proceedings); *Solomon v. North American Life and Cas. Ins.*

11  *Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (court did not abuse its discretion in denying motion to

12  amend on grounds of undue delay and prejudice where motion made on the "eve of the discovery

13  deadline" would have required re-opening discovery, thus delaying proceedings).  Here, Plaintiff

14  delayed in bringing the instant motion until shortly before the close of discovery and allowing the

15  motion would require the re-opening of discovery regarding the proposed malicious prosecution

16  cause of action.  Therefore, granting Plaintiff's motion would prejudice defendants and delay

17  proceedings.

18         4.    Futility of Amendment

19         Defendants argue that Plaintiff's claim is futile.  A claim is considered futile and leave to

20  amend shall not be given if there is no set of facts that can be proved under the amendment that

21  would constitute a valid claim.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988).  As

22  the court has determined that Plaintiff's motion to amend the complaint should be denied on other

23  grounds, the court declines to address the issue of futility of amendment.  *Cf. Netbula, LLC v.*

24  *Distinct Corp.*, 212 F.R.D. 534, 539 (N.D.Cal. 2003) (citing *Schwarzer, California Practice*

25  *Guide: Federal Civil Procedure Before Trial* at 8:422 (The Rutter Group, 2002) (denial based on

26  futility of amendment is rare and challenges to the merits of a proposed amended pleading

27  generally are delayed until after leave to amend is granted and the amended pleading is filed).

28

1

**<u>ORDER</u>**

2

Based on the foregoing, Plaintiff's motion to amend his complaint is DENIED.

3

4

5

6

7

8   IT IS SO ORDERED.

9   **Dated:    April 28, 2008              /s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28