EDMUND G. BROWN JR.
Attorney General of the State of California
TYLER B. PON
Supervising Deputy Attorney General
JEFFREY R. VINCENT, State Bar No. 161013
Deputy Attorney General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA 94612-0550
 Telephone: (510) 622-2127
 Fax: (510) 622-2270
 Email: Jeffrey.Vincent@doj.ca.gov

Attorneys for Defendants David Salcido and Greg Makel

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MCAFEE,<br><br>                             Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, CHP OFFICER GREG MAKEL, CHP OFFICER SALCIDO, CHP CAPT. G.L. FIEF, CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, HEARING OFFICER G. VERDUGO, and DOES 1 through 10, inclusive,<br><br>                             Defendants. | 1:07-CV-00577-OWW-GSA<br><br>**ORDER ON DEFENDANTS' MOTIONS IN LIMINE**<br><br>Hearing:     July 8, 2008<br>Time:        9:30 a.m.<br>Courtroom:   3<br>Judge:       The Hon. Oliver W. Wanger |

   A hearing was held on defendants' motions in limine on July 8, 2008 at 9:30 a.m. After considering the briefs, arguments and evidence, the court rules and orders as follows:

**1.  Defendants' Motion in Limine No. 1, to preclude plaintiff from introducing character evidence of defendants or other witnesses.**

   The motion is granted.  The parties and counsel may not solicit testimony, or present evidence of good or bad character for the purpose of demonstrating that a person acted in accordance with the characteristic.

Order on Defendants' Motions in Limine.

2. **Defendants' Motion in Limine No. 2, to preclude plaintiff from introducing evidence of Officer Makel's transfer.**

   The motion is granted.  Plaintiff, his counsel and through counsel, plaintiff's witnesses may not testify or offer evidence regarding Officer Makel's transfer from Fresno to Santa Fe Springs.

3. **Defendants' Motion in Limine No. 3, to exclude testimony in the form of expert opinions.**

   The motion is granted.  No experts have been designated.  The parties and counsel, therefore, may not solicit testimony or offer evidence in the form of expert opinions.  This ruling does not preclude offering lay opinion that is otherwise admissible.  This ruling also does not preclude testimony of observations made by medical personnel which do not include opinion testimony.

4. **Defendants' Motion in Limine No. 4, to exclude testimony or evidence regarding whether any judgment against defendant may be paid by the CHP or State.**

   The motion is granted.  Plaintiff, his counsel and through counsel, plaintiff's witnesses may not testify or offer evidence regarding whether the CHP or State of California would pay any judgment rendered against the defendants.

5. **Defendants' Motion in Limine No. 5, to exclude the testimony of undisclosed witnesses.**

   The motion is granted. The parties may not call as witnesses previously undisclosed witnesses including Emma Gizar McAfee and Joshua Lutz.

6. **Defendants' Motion in Limine No. 6, to exclude introduction of all documents and testimony related to costs and damages not previously disclosed.**

   The motion is granted.  Plaintiff, his counsel and through counsel, plaintiff's witnesses may not testify or offer evidence regarding any damages or costs not previously disclosed in discovery.

7. **Defendants' Motion in Limine No. 7, to preclude plaintiff from introducing evidence or testimony regarding absence of criminal prosecution or dropping charges by the district attorney.**

   The motion is granted.  Plaintiff, his counsel and through counsel plaintiff's witnesses may

not testify or offer evidence regarding the absence of criminal prosecution or the dropping of charges by the Fresno County District Attorney for the purpose of demonstrating that plaintiff's arrest was not supported by probable cause. Plaintiff may testify, subject to a limiting instruction, regarding ongoing anxiety based on the fact that the statutes of limitation for the crimes for which he was arrested have not elapsed.

**8.   Defendants' Motion in Limine No. 8, to exclude testimony or evidence of settlement offers and/or negotiations.**

The motion is granted. The parties and counsel may not solicit testimony of, or present evidence of any settlement discussions or offers to compromise.

**9.   Defendants' Motion in Limine No. 9, to preclude plaintiff from introducing evidence or testimony regarding plaintiff's character**.

The motion is granted. Plaintiff, his counsel and through counsel plaintiff's witnesses may not testify or offer evidence regarding plaintiff's good character including the absence of any prior arrests, plaintiff's qualification and license as a pilot, awards or other special recognition. This ruling does not preclude plaintiff from describing his work history in general terms or testifying regarding experiences that are relevant to his claims in this action.

**10.  Defendants' Motion in Limine No. 10, to preclude plaintiff from introducing evidence or testimony of damages in the form of excessive bail.**

The motion is denied. Although plaintiff has not made a claim under the Eighth Amendment, he may present evidence of the cost to obtain bail as an item of special damages.

**11.  Defendants' Motion in Limine No. 11, to preclude plaintiff from introducing evidence or testimony in the form of lay opinion regarding whether defendants used excessive force or whether plaintiff resisted arrest.**

The motion is granted. Plaintiff, his counsel and through counsel plaintiff's witnesses may not testify or offer evidence in the form of opinions that excessive force was used or whether or not plaintiff was resisting arrest. This ruling does not preclude parties from offering testimony describing whether plaintiff was resisting - subject to a limiting instruction that such testimony should not be accepted as a legal conclusion.

12. **Defendants' Motion in Limine No. 12, to preclude plaintiff from introducing evidence or testimony in the form of lay opinion regarding temperature and weather at the time of arrest.**

The motion is granted. Plaintiff, his counsel and through counsel plaintiff's witnesses may not testify or offer evidence in the form of opinions regarding the temperature at the time of plaintiffs' arrest. This ruling does not preclude testimony regarding general impressions or recollections regarding whether it was "hot" or "cold" etc.

IT IS SO ORDERED.

**Dated:   August 11, 2008**              /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE